[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTION TO PLAINTIFF'S CLAIM FOR JURY
 FACTUAL BACKGROUND
This case arises out of a lease agreement entered into between the parties on July 10, 1975 and renewed by three separate renewal agreements, all of which expired by the end of the year 2000. Each renewal specified that except as amended in the renewal, the lease shall remain in full force and effect. (Exs. B, C D).
The lease contained a clause waiving a jury trial on behalf of both parties as follows:
63. REDEMPTION, COUNTERCLAIM AND JURY TRIAL
 The Tenant and Landlord both waive a trial by jury of any or all issued [sic] arising in any action or proceeding between the parties hereto or their successors, under or connected with this Lease or any of its provisions. (Ex. A, par. 63).
The plaintiff opposes the defendant's jury trial objection, claiming it did not intend to waive the right to a jury trial, that the amendments to the lease contain no such waiver and are conclusive as to this issue. Further, that there can be no enforceable waiver unless there is CT Page 4400 reasonably clear evidence of the intent to waive.
The defendant claims that plaintiff did, in fact, waive its right to a jury trial under the unambiguous terms of the lease, and that plaintiff has failed to make any credible showing that the parties' jury waiver should not be enforced.
This court conducted an evidentiary hearing at which the plaintiff offered two witnesses in support of its claim. The witnesses were Lionel Melendi, its President and signatory of the lease, and Joseph Melendi who signed one amendment as (then) President.
Lionel Melendi testified that he negotiated the lease and reviewed it but never read paragraph 63 which contained the jury waiver. He was represented by counsel who reviewed the lease. He relied on his attorney for the review of the lease. Melendi's concerns were with the business terms of the lease. Joseph Melendi testified that he didn't review the lease before signing the amendment, but knew that the amendment incorporated the original lease.
Both witnesses testified that they did not know of the jury waiver provision.
The court accepts the testimony of both witnesses as credible.
No other evidence was received by the court.
 APPLICABLE LAW
The defendant has filed a motion objecting to the plaintiff's claim for a jury trial. This motion is appropriate since the repeal of P.B. § 282 (motion to strike) and has been recognized by our courts as the correct motion to challenge the validity of a jury claim. First UnionNational Bank v. Moore, CV-99-0424489, Judicial District of New Haven, (Silbert, J.), June 1, 2000.
The law on this subject has been set forth in L R Realty, Et Al. v.Connecticut National Bank, 246 Conn. 1 (1998). In that case the Supreme Court has articulated in clear detail the test to be followed in determining whether or not a contractual waiver such as exists in this case is enforceable.
The court restated its position that "a binding agreement for such a waiver made in advance of the institution of such action does not violate CT Page 4401 public policy and there is no reason why such an agreement should not be given effect." L R Realty, supra, p. 10.
The court also reaffirmed that the right to a jury trial may be waived but . . . "it is a right the waiver of which is not to be inferred without reasonably clear evidence of the intent to waive." L R Realty, supra, p. 10.
The decision went on to hold that the party seeking to avoid enforcement of the waiver bears the burden of proving by a preponderance of the evidence the lack of a clear intent to be bound by the waiver provision, p. 16.
The court set forth the factors to be considered by the trial court in evaluating the waiver claim. They are:
1. The face of the agreement, such as where the waiver is in particularly fine print or is buried in the middle of a voluminous document;
2. Evidence presented by the party seeking to avoid enforcement that there was an inequality of bargaining power;
3. That the same party was unrepresented by counsel;
4. That there was other evidence indicating a lack of intent to be bound by the waiver provision.
 CONCLUSION
This court, having heard the evidence has evaluated the plaintiff's claim according to the criteria established in L R Realty.
(1) The face of the agreement provides for an index citing referencing the waiver provision; the paragraph (63) is in bold print and contains the word "jury trial;" the waiver portion is clearly set forth in that paragraph.
(2) There was no evidence presented by the plaintiff that there was an inequality of bargaining power;
(3) The plaintiff was represented by counsel upon whom the plaintiff relied to read the lease and give advice on its provisions; CT Page 4402
(4) The only other evidence on the issue was that the plaintiff's officers did not know of the waiver provision because those same officers never read the provision in the lease nor were they told of it by their counsel on whom they relied.
It is therefore the opinion of this court that the plaintiff has failed to sustain its burden that it lacked a clear intent to be bound by the waiver provision.
There is also no evidence in law or in fact that the three amendments to the lease which did not contain a jury trial waiver can support the plaintiff's claim that the waiver was therefore void.
The defendant's objection to the plaintiff's claim for a jury is therefore sustained.
Freed, J.